*[NOT FOR PUBLICATION]*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
_____

In re:

DOROTHY MAE ROBINSON (Deceased),

    Debtor.

_____/

Case No.  BG 21-01369
Chapter 7

LISA E. GOCHA,

    Plaintiff,

-vs-

ALVIN GRAY, RAVONNE ROBINSON and
DEANDRAY FISHER,

    Defendants.

_____/

Adversary Proceeding
No. 21-80081

**MEMORANDUM OPINION REGARDING AVOIDANCE AND RECOVERY
OF TRANSFER FROM DEFENDANT ALVIN GRAY**

Appearance:

Lisa E. Gocha, Esq., Hudsonville, Michigan, Plaintiff and Chapter 7 Trustee.

I.       INTRODUCTION AND PROCEDURAL BACKGROUND.

This proceeding is before the court on the adversary complaint filed by Lisa E. Gocha, Chapter 7 Trustee (the "Trustee" or "Plaintiff"), against Defendants Ravonne Robinson, Deandray Fisher, and Alvin Gray.  The complaint sought avoidance of a prepetition transfer of real property located at 825 Hazen Street, S.E., in Grand Rapids, Michigan, from Dorothy Mae Robinson (the "Debtor") to Defendants Ravonne Robinson

1

and Deandray Fisher as a fraudulent conveyance under § 548 of the Bankruptcy Code.[1] The complaint also sought recovery of the property from Defendants Deandray Fisher and Alvin Gray, who is the subsequent transferee of the interest previously held by Ravonne Robinson and who currently resides at the property.

The Plaintiff's claims against Ravonne Robinson were resolved by entry of a consent judgment, which avoided the initial transfer of the property to Ms. Robinson pursuant to § 548.  (*See* AP Dkt. No. 26.)  Defendant Deandray Fisher did not answer the complaint and has not otherwise participated in this adversary proceeding.  Accordingly, the Plaintiff's claims against Defendant Fisher were determined by entry of a default judgment against him.  (*See* AP Dkt. No. 50.)  The default judgment avoided the initial transfer as against Mr. Fisher under § 548 and recovered the property from him pursuant to § 550.

In contrast to the other defendants, Defendant Alvin Gray filed an answer to the complaint, appeared at several pretrial conferences and other hearings, and has actively opposed the relief sought by the Plaintiff in this proceeding.  For the majority of this proceeding, Defendant Gray has represented himself *pro se* in those efforts.  A trial on the Plaintiff's claims against Defendant Gray was held before this court on April 11, 2023. Defendant Gray did not appear for the trial.  Defendant Gray also failed to submit any documents, such as witness lists, exhibits, or a trial brief, prior to the trial as required by this court's Final Pretrial Order.

At the uncontested trial, the Plaintiff made an offer of proof regarding the

---

[1]     The Bankruptcy Code is set forth in 11 U.S.C. §§ 101-1532 inclusive.  Specific provisions of the Bankruptcy Code are referred to in this opinion as "§ ___."

2

avoidability of the initial transfer and Defendant Gray's status as a subsequent transferee. The twelve exhibits offered by the Plaintiff were also admitted into evidence. Based upon the evidence presented by the Plaintiff, the court determined that the initial transfer was properly avoided as a fraudulent conveyance and that the Plaintiff was entitled to recover the property from Defendant Gray as a subsequent transferee under § 550(a)(2). The court determined to issue this memorandum opinion to supplement the findings of fact and conclusions of law made at the conclusion of the trial. The court has jurisdiction over this bankruptcy case. 28 U.S.C. § 1334. This adversary proceeding is a statutory core proceeding, and the court has authority to enter a final order. 28 U.S.C. § 157(b)(2)(H).

## II.   FINDINGS OF FACT.

The evidence presented at trial established that the Debtor purchased the Hazen Street property in June of 2008 and held the title of the property solely in her name. (*See* Plf. Exh. 1.) At that time, the Debtor and Defendant Gray were in a long-term relationship and resided together at the property. (*See* Plf. Exh. 8.) The property was subsequently transferred by the Debtor to Defendants Robinson and Fisher, who are Mr. Gray's children, pursuant to a quitclaim deed dated September 24, 2019. (*See* Plf. Exh. 2.) The quitclaim deed states that no consideration was provided for this transfer, and no party to this proceeding has suggested otherwise. The Debtor's bankruptcy schedules, which were filed along with her chapter 7 bankruptcy petition on May 26, 2021, show that the Debtor had over $42,000 in liabilities but only approximately $4,500 in assets other than the Hazen Street property as of the filing date. (*See* Plf. Exh. 4.) Accordingly, the only evidence before the court suggests that the transfer of the Hazen Street property, which the Debtor valued at $62,000, rendered her insolvent. No party has argued otherwise.

3

Approximately two years after this initial transfer, Defendant Ravonne Robinson transferred her interest in the Hazen Street property to her father, Defendant Gray.  The quitclaim deed dated April 2, 2021, again states that no consideration was provided for this transfer.  (*See* Plf. Exh. 3.)

### III.    DISCUSSION.

Section 548(a)(1)(B) provides that a trustee "may avoid any transfer . . . of an interest of the debtor in property" that was made "on or within 2 years before the date of the filing of the petition, if the debtor . . . received less than a reasonably equivalent value in exchange for such transfer" and "was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer . . . ."  11 U.S.C. § 548(a)(1)(B)(i) & (ii)(I).  The Trustee bears the burden of establishing each of the statutory elements by a preponderance of the evidence.  *Lisle v. John Wiley & Sons, Inc. (In re Wilkinson)*, 196 F. App'x 337, 341 (6th Cir. Aug. 17, 2006) (unpublished opinion) (citations omitted).

In this proceeding, the uncontested evidence presented at trial, along with the prior consent and default judgments, clearly establishes the Trustee's fraudulent conveyance cause of action with regard to the initial transfer of the Hazen Street property from the Debtor to Defendants Robinson and Fisher.  This transfer occurred within two (2) years of the filing of the Debtor's chapter 7 case, involved no consideration, and rendered the Debtor insolvent.

Having successfully avoided the initial transfer of the Hazen Street property as a fraudulent conveyance under § 548, the Trustee "may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer or the entity for whose benefit such transfer was

4

made" or from "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a)(1) & (2). Here, the Trustee has already recovered the interest in the property previously held by Defendant Fisher via the default judgment. The sole question is whether she may also recover the property from Defendant Gray. Because it is undisputed that Defendant Gray is the immediate transferee of Ravonne Robinson's interest in the property, pursuant to the April 2, 2021, quitclaim deed, the court concludes that recovery of Defendant Gray's interest in the property is appropriate under § 550(a)(2).

The court notes that § 550(b)(1) provides a defense to recovery for subsequent transferees who take "for value, . . . in good faith, and without knowledge of the voidability of the transfer avoided." 11 U.S.C. § 550(b)(1). Throughout this adversary proceeding, Defendant Gray has generally argued that he provided the funds that were used by the Debtor to acquire the property in 2008 and that he and the Debtor had a verbal agreement that the survivor of the two of them would receive title to the property. (*See, e.g.*, Plf. Exh. 8.) The court has viewed these arguments as asserting that Defendant Gray may have been a good faith purchaser for value under § 550(b)(1). The court fully expected Defendant Gray to file a trial brief raising these arguments, along with exhibits to substantiate his factual claims, in advance of trial. He did not do so. Similarly, the court expected Defendant Gray to appear at trial to present any evidence or argument he may have had in opposition to the Plaintiff's causes of action. Having failed to appear at trial, Defendant Gray has not met his burden of establishing a valid affirmative defense to the Plaintiff's recovery claim. *See Tibble v. Farmers Grain Express, Inc. (In re Michigan BioDiesel, LLC)*, 510 B.R. 792, 801 (Bankr. W.D. Mich. 2014) (explaining that § 550(b)(1) provides an affirmative defense on which the defendant bears the burden of proof).

5

IV.   CONCLUSION.

For these reasons, the initial transfer of the Hazen Street property from the Debtor to Defendants Robinson and Fisher is avoided as a fraudulent conveyance pursuant to § 548.  The Plaintiff may recover the property from Defendant Gray, as a subsequent transferee, pursuant to § 550(a)(2).  A separate judgment shall be entered accordingly.

**END OF ORDER**

**IT IS SO ORDERED.**

**Dated April 17, 2023**



James W. Boyd
United States Bankruptcy Judge